UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GEORGE STAMOS, Jr.,<br><br>　　　　Petitioner,<br><br>　v.<br><br>DAVID DAVEY,<br><br>　　　　Respondent. | Case No. 16-cv-4860-TEH<br><br>ORDER GRANTING MOTION TO DISMISS AND DENYING CERTIFICATE OF APPEALABILITY<br><br>Dkt. Nos. 12, 19 |

　　　　Petitioner, James George Stamos Jr., a state prisoner, proceeds with a pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a prison disciplinary decision that resulted in the loss of credits. Respondent has filed a motion to dismiss on the grounds that the petition is unexhausted and procedurally barred. Petitioner has filed an opposition. For the reasons set forth below, the Court GRANTS the motion.

I

　　　　Petitioner is serving a seven-year prison term. Petition at 2. On March 1, 2015, Petitioner was found guilty at a prison disciplinary hearing and was assessed a 150-day time-credit forfeiture. Id. at 6.

II

　　　　Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state

judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982).

In this case, the California Supreme Court denied Petitioner's petition with a citation to In re Dexter, 25 Cal.3d 921, 925-26 (1979).  Motion to Dismiss ("MTD"), Ex. 5.  In In re Dexter, the California Supreme Court held that the court will not afford a prisoner judicial relief unless he has first exhausted available administrative remedies.  25 Cal.3d at 925.  The California Supreme Court's citation to In re Dexter demonstrates that the court did not reach the merits of Petitioner's claims because he failed to exhaust his available administrative remedies.  See Harris v. Super. Ct., 500 F.2d 1124, 1128 (9th Cir. 1974) (en banc) ("If the denial of the habeas corpus petition includes a citation of an authority which indicates that the petition was procedurally deficient or if the California Supreme Court so states explicitly, then the available state remedies have not been exhausted as the California Supreme Court has not been given the required fair opportunity to correct the constitutional violation.").

District courts in California have consistently held that if the California Supreme Court denies a petition with a citation to In re Dexter, the prisoner has not exhausted state court remedies as required.  See, e.g., Riley v. Grounds, No. C-13-2524 TEH (PR), 2014 WL 988986 at *4 (N.D. Cal. Mar. 10, 2014) (granting motion to dismiss petition as unexhausted in light of California

2

Supreme Court's summary denial with a citation to In re Dexter); Turner v. Director of CDC, No. 1:14-cv-00392 LJO JLT, 2014 WL 4458885 at *3 n.2 (E.D. Cal. Sept. 10, 2014) ("[F]or exhaustion purposes, the citation to Dexter alone is sufficient, without the need to review the state petition, to establish that the claims in the first amended petition were never considered on their merits by the state court and, thus, were not 'fairly presented' within the meaning of AEDPA."); Dean v. Diaz, No. 1:14-cv-00209 SKO HC, 2014 WL 1275706 at *5 (E.D. Cal. Mar. 26, 2014) ("This court has regularly relied on a citation to Dexter to find that a federal petition is unexhausted.").

Petitioner retained the ability to refile his state habeas petition after exhausting his claims through the administrative procedure but he filed this federal petition instead. In light of the California Supreme Court's citation to In re Dexter, the Court finds that Petitioner has not exhausted his claims.

### III

A federal court will not review questions of federal law decided by a state court if the decision also rests on a state law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 729-30 (1991). In the context of direct review by the United States Supreme Court, the "independent and adequate state ground" doctrine goes to jurisdiction; in federal habeas cases, in whatever court, it is a matter of comity and federalism. Id.

In cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is

barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. <u>Coleman</u>, 501 U.S. at 750.  Where petitioner's claims were not fairly presented to the state courts, but an independent and adequate state procedural rule exists which bars their review, claims are procedurally barred in federal habeas review.  <u>Casey v. Moore</u>, 386 F.3d 896, 919 (9th Cir. 2004) (finding that Washington's state procedural rule setting one-year limit on a personal restraint petition which raises a federal claim not raised on direct review precludes federal review of claim that would no longer be timely under that rule).

California's administrative exhaustion rule is based solely on state law and is therefore independent of federal law.  <u>See</u> <u>Carter v. Giurbino</u>, 385 F.3d 1194, 1197–98 (9th Cir. 2004) ("A state ground is independent only if it is not interwoven with federal law."); <u>see also</u> Cal. Code Regs. tit. 15, § 3084.1(a) (prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare").  California's administrative exhaustion rule has also been firmly established and has been regularly followed since 1941 and is therefore adequate to support a judgment.  <u>See</u> <u>Abelleira v. Dist. Ct. of App.</u>, 17 Cal.2d 280, 292 (1941) ("the rule is that where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted

before the courts will act."); In re Muszalski, 52 Cal. App. 3d 500, 503 (1975) ("It is well settled as a general proposition that a litigant will not be afforded relief in the courts unless and until he has exhausted available administrative remedies."); see also Drake v. Adams, No. 2:07-cv-00577 JKS, 2009 WL 2474826 at *2 (E.D. Cal. Aug. 11, 2009) ("In reviewing California cases in which the issue of exhaustion was decided during the past 10 years, the Court was unable to find a single case in which a California appellate court did not deny a petition for failure to exhaust administrative remedies.  Thus, this doctrine appears to be well established and consistently applied.").

Federal courts in California have repeatedly held that if the California Supreme Court denies a petition with a citation to In re Dexter federal habeas review is procedurally barred because California's administrative exhaustion rule is both independent of federal law and adequate to support the state court judgment. See Bartholomew v. Haviland, 467 F. App'x 729, 730-31 (9th Cir. 2012) (petition was procedurally barred for failure to exhaust prison appeals process); see also Riley, 2014 WL 988986 at *4 (granting motion to dismiss petition as procedurally barred in light of California Supreme Court summary denial with a citation to In re Dexter); Turner, 2013 WL 4458885 at *6 (petitioner's remaining claims procedurally barred pursuant to California Supreme Court's citation to In re Dexter);  Yeh v. Hamilton, No. 1:13-cv-00335 AWI GSA HC, 2013 WL 3773869 at *2-3 (E.D. Cal. July 17, 2013) (petitioner's claims procedurally barred after California Supreme Court denied state petition with citation to In re Dexter); Foster v. Cate, No. 1:12-cv-01539 AWI BAM HC, 2013

WL 1499481 at *3-4 (E.D. Cal. Apr. 11, 2013) (California Supreme Court's citation to In re Dexter is both independent and adequate and therefore respondent is correct that federal habeas review is procedurally barred).

Petitioner has not alleged any facts to cast doubt on the adequacy or consistent application of California's administrative exhaustion rule. See Bennett v. Mueller, 322 F.3d 573, 586 (9th Cir. 2003). The Court agrees with decisions cited above, and finds that Petitioner's claims are procedurally defaulted.

As noted above, the Court may still consider Petitioner's claims if he demonstrates: (1) cause for the default and actual prejudice resulting from the alleged violation of federal law, or (2) a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. The existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. McCleskey v. Zant, 499 U.S. 467, 493-94 (1991). Examples of cause include showings "that the factual or legal basis for a claim was not reasonably available to counsel," "that some interference by officials made compliance impracticable," or "of ineffective assistance of counsel." Murray v. Carrier, 477 U.S. 478, 488 (1986). Prejudice is difficult to demonstrate:

> The showing of prejudice required under Wainwright v. Sykes [433 U.S. 72 (1977)]is significantly greater than that necessary under "the more vague inquiry suggested by the words 'plain error.'" Engle [v. Isaac], 456 U.S., at 135, 102 S.Ct., at 1575; [United States v.]Frady, supra, 456 U.S., at 166, 102 S.Ct., at 1593. See also Henderson v. Kibbe, 431 U.S. 145, 154, 97 S.Ct. 1730, 1736, 52

> L.Ed.2d 203 (1977). The habeas petitioner must show "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Frady, supra, at 170, 102 S.Ct., at 1596.

Id. at 493–494 (omission in original).

Petitioner argues in his opposition that prison officials interfered with his ability to properly exhaust his administrative remedies. Even assuming that Petitioner can show cause, he has failed to demonstrate or even argue prejudice. Nor does a review of the petition or exhibits for the various filings demonstrate prejudice that would meet the high standard described above. For these same reasons, Petitioner has also failed to show a fundamental miscarriage of justice. For all these reasons, the claims are procedurally barred and the Court cannot consider the petition.

IV

For the foregoing reasons and for good cause shown,

1. Respondent's motion to dismiss (Docket No. 12) is GRANTED and the petition is DISMISSED.

2. Petitioner's request for accommodations (Docket No. 19) is DENIED. Petitioner may file a civil rights action if he seeks relief.

3. Petitioner has failed to make a substantial showing that a reasonable jurist would find this Court's denial of his claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

4. The Clerk is directed to enter Judgment in favor of Respondent and against Petitioner and close the file.

IT IS SO ORDERED.

Dated: 1/31/2017

_____
**THELTON E. HENDERSON**
**United States District Judge**

G:\PRO-SE\TEH\HC.16\Stamos4860.mtd.docx